Filed 2/28/14  P. v. Aukerman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048479 |
| v. | (Super. Ct. No. 12WF0268) |
| JOHN PHILIP AUKERMAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art VI, § 21.)  Affirmed.

Jesse W.J. Male, Michelle Rogers and Loleena Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

As part of a plea agreement, defendant John Phillip Aukerman was sentenced to four years in the county jail. The sentence was divided into one year in the county jail and three years on mandatory supervision. One condition of his supervision prohibited defendant from using "unauthorized drugs, narcotics, or controlled substances, and [required him to] submit to testing as directed by any peace officer or mandatory supervision officer." Ten months later, a search of defendant's residence resulted in the discovery of 32 grams of marijuana and drug paraphernalia. The probation officer filed a petition for arraignment on mandatory supervision violation, alleging these facts. At the hearing, defendant presented a valid medical marijuana prescription card and argued that because the marijuana had been prescribed, his possession was "authorized." The trial court rejected this argument and defendant repeats it here. We likewise reject the argument and affirm the trial court's order.

DISCUSSION

Defendant argues the quoted condition not to use unauthorized drugs is vague and overbroad. To the extent this contention is an attack on the imposition of the condition at the time of sentence, he failed to appeal from his original sentence and cannot raise the issue here.

Furthermore, the Medical Marijuana Program (Health & Saf. Code §§ 11362.7 et seq.) places the burden on a probationer who uses medical marijuana to request the sentencing court to allow such use. Health and Safety Code section 11362.795, subdivision (a)(1) provides, "[a]ny criminal defendant who is eligible to use marijuana . . . may request that the court confirm that he or she is allowed to use medical marijuana while he or she is on probation. . . ." The same code section makes it clear that, if the medical prescription is issued during the period of probation, the burden is on the probationer to seek court permission to use medical marijuana. (Health & Saf.

2

Code, § 11362.795, subd. (a)(3).)  The court has to make specific findings when granting such a request.  (Health & Saf. Code, § 11363.795, subd. (a)(2).)  No such permission was sought here and, as a result, the necessary findings were not made.  Although the statute relates to "probation," while defendant was subject to "mandatory supervision," Penal Code section 1170, subdivision (h)(5)(B)(i) provides the supervision shall be conducted "by the county probation officer in accordance with the terms, condition, and procedures generally applicable to persons placed on probation."  Therefore, Health and Safety Code section 11362.795 is applicable to mandatory supervision.  Thus, the prohibition on the use of "unauthorized drugs, narcotics, or controlled substances," when read together with Health and Safety Code section 11362.795, clearly applies to physician prescribed medical marijuana unless approved by the court.

Defendant also argues the drug use term is unconstitutionally invalid, citing provisions in the California Constitution declaring life, liberty, and safety to be inalienable rights (Cal. Const., art. I, § 1) and the substantive due process protections of the United States Constitution (U.S. Const., 5th & 14th Amends.) and the California Constitution (Cal. Const., art. I, § 7, subd. (a)).  Defendant bases this argument, without citing factual or legal authority, on a statement that there is "no rehabilitative interest in impeding defendant from using medication that is prescribed for him."  He acknowledges there is no case law to support this argument and recognizes that an authority he cites, *Raich v. Gonzales* (9th Cir. 2007) 500 F.3d 850, "declin[ed] to extend protection to medical marijuana because medical use of marijuana had not yet become fundamental and implicit in the concept of ordered liberty."  The other cited case, *Abigail Alliance, Better Access v. Von Eschenbach* (D.C. Cir. 2007) 495 F.3d 695, is to the same effect.

Defendant also argues his use of medical marijuana was not "willful."  The trial court implicitly found that it was and it is not our prerogative to determine credibility.  "We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the

3

finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) The stipulation to the facts alleged in the petition do not raise any issues as to whether defendant's possession was willful and we fail to perceive how such possession could be anything other than willful.

Finally, defendant asks us to correct the minute order to reflect that the court's approval is required for the use of medical marijuana. But, again, the above quoted provision of Health and Safety Code section 11362.795 to the same effect, makes such a change unnecessary.

DISPOSITION

The order is affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

4